# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROGER EVANS,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0275** (BOR Appeal No. 2050802)
                            (Claim No. 2014000132)

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger Evans, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowe's Home Centers, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2016, in which the Board affirmed a September 2, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 16, 2014, decision granting a 1% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Evans, a product service associate, sustained an injury while at work on April 19, 2013, while he was carrying buckets of paint up and down a ladder. The claims administrator held the claim compensable for a left knee sprain/strain on July 9, 2013. On December 4, 2013, Mr. Evans underwent a surgical arthroscopy of the left knee with partial medial meniscectomy.

Throughout the course of his treatment, Mr. Evans sought treatment at MedExpress numerous times. On July 14, 2014; July 24, 2014; August 8, 2014; September 2, 2014; and

1

October 6, 2014, Mr. Evans was noted to have normal gait and full strength in his knee. The medical records show Mr. Evans had no deformity in his knee. He was occasionally noted by the physician at MedExpress to have localized swelling and some limited range of motion. Mr. Evans continued to suffer pain in his left knee and ultimately underwent three independent medical evaluations to determine his permanent partial disability.

On March 26, 2014, Joseph Grady, M.D., performed an independent medical evaluation on Mr. Evans. Dr. Grady's assessment was status post left knee arthroscopic partial medial meniscectomy. He determined that Mr. Evans had reached maximum medical improvement and noted the only ratable criteria would be on Table 64 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Under Table 64, Dr. Grady assigned 1% whole person impairment for the partial medial meniscectomy. Based on his report, the claims administrator granted Mr. Evans a 1% permanent partial disability award on April 16, 2014.

On August 20, 2014, Yogesh Chand, M.D., performed an independent medical evaluation on Mr. Evans. Dr. Chand noted that Mr. Evans's gait was normal but did not believe Mr. Evans had reached maximum medical improvement at that time. He felt another MRI was needed. Although Dr. Chand did not believe Mr. Evans was at maximum medical improvement, he proceeded to provide an impairment rating under Table 36 of the American Medical Association's *Guides*. Dr. Chand found 15% whole person impairment for gait derangement because Mr. Evans wore a brace constantly and walked with a cane on a part-time basis. Dr. Chand also found 4% impairment for loss of flexion, 4% for arthritis, and 1% for the partial medial meniscectomy. Dr. Chand ultimately assessed 15% impairment based on the gait derangement.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on April 21, 2015. Dr. Mukkamala found that Mr. Evans had reached maximum medical improvement and recommended a 1% impairment rating for the partial medial meniscectomy. Dr. Mukkamala disagreed with Dr. Chand's recommendation because there was no medical evidence of gait derangement. Further, Mr. Evans's use of a brace did not rise to the level of that described in the American Medical Association's *Guides* as he merely wore a sleeve brace purchased at a drug store.

On September 2, 2015, the Office of Judges affirmed the claims administrator's decision granting a 1% permanent partial disability award. The Office of Judges found that Dr. Chand's report was not reliable. Dr. Chand found Mr. Evans had not reached maximum medical improvement, yet he provided an impairment rating anyway. Additionally, the Office of Judges found that Dr. Chand misused Table 36 of the American Medical Association's *Guides* as there was no evidence Mr. Evans wore an ankle foot orthosis brace or evidence that he had gait derangement. The medical reports of Mr. Evans's treating physicians at MedExpress all note normal gait and strength in Mr. Evans's left knee. Both Dr. Grady and Dr. Mukkamala recommended a 1% permanent partial disability award. The Office of Judges found that Mr. Evans failed to provide reliable evidence of greater impairment. On February 22, 2016, the Board of Review affirmed the Office of Judges' Order.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Evans's treating physicians, in medical reports dating from June 9, 2014, through October 6, 2014, all note that Mr. Evans's gait was normal. Dr. Chand has been the only doctor to note gait derangement. Further, both Dr. Grady and Dr. Mukkamala recommended a 1% impairment rating for the partial medial meniscectomy. A 1% permanent partial disability award is supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum